UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| | : | GRAND JURY ORIGINAL |
| v. | : | |
| | : | VIOLATIONS: |
| | : | |
| | : | 18 U.S.C. § 2251(a) and (e) |
| KARTHIK MANIMARAN, | : | (Sexual Exploitation and Attempted |
| | : | Sexual Exploitation of a Child) |
| | : | 18 U.S.C. § 2422(b) |
| Defendant. | : | (Coercion and Enticement of a Minor) |
| | : | 18 U.S.C. § 3238 |
| | : | (Offenses Not Committed in Any District) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 2253(a) |
| | : | 18 U.S.C. § 2428 |
| | : | 21 U.S.C. § 853(p) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

Between on or about April 1, 2020, and on or about April 15, 2020, within Canada and elsewhere, the defendant, **KARTHIK MANIMARAN**, knowingly employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 1," who was located in the State of Texas, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and transmitting a live visual depiction of such conduct, and attempted to do so, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign

commerce; and which visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

**(Sexual Exploitation and Attempted Sexual Exploitation of a Child**, in violation of Title 18, United States Code, Sections 2251(a) and (e) and 3238)

## COUNT TWO

Between on or about April 3, 2020, and on or about April 16, 2020, within Canada and elsewhere, the defendant, **KARTHIK MANIMARAN**, knowingly employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 2," who was located in the State of Mississippi, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and transmitting a live visual depiction of such conduct, and attempted to do so, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; and which visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

**(Sexual Exploitation and Attempted Sexual Exploitation of a Child**, in violation of Title 18, United States Code, Sections 2251(a) and (e) and 3238)

## COUNT THREE

Between on or about April 5, 2020, and on or about April 17, 2020, within Canada and elsewhere, the defendant, **KARTHIK MANIMARAN**, knowingly employed, used, persuaded, induced, enticed, and coerced minors, "Minors 3A and 3B," who were located in the State of Kentucky, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and transmitting a live visual depiction of such conduct, and attempted to do so, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; and which visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

**(Sexual Exploitation and Attempted Sexual Exploitation of a Child**, in violation of Title 18, United States Code, Sections 2251(a) and (e) and 3238)

## COUNT FOUR

Between on or about November 21, 2020, and on or about December 14, 2020, within Canada and elsewhere, the defendant, **KARTHIK MANIMARAN**, knowingly employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 4," who was located in the State of South Carolina, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and transmitting a live visual depiction of such conduct, and attempted to do so, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting

interstate and foreign commerce; and which visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

        **(Sexual Exploitation and Attempted Sexual Exploitation of a Child**, in violation of Title 18, United States Code, Sections 2251(a) and (e) and 3238)

## COUNT FIVE

Between on or about November 24, 2020, and on or about December 8, 2020, within Canada and elsewhere, the defendant, **KARTHIK MANIMARAN**, knowingly employed, used, persuaded, induced, enticed, and coerced a minor, "Minor 5," who was located in the State of Pennsylvania, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and transmitting a live visual depiction of such conduct, and attempted to do so, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; and which visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

        **(Sexual Exploitation and Attempted Sexual Exploitation of a Child**, in violation of Title 18, United States Code, Sections 2251(a) and (e) and 3238)

4

## COUNT SIX

Between on or about April 1, 2020, and on or about December 14, 2020, within Canada and elsewhere, the defendant, **KARTHIK MANIMARAN**, did use, and attempted to use, any facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce any individual, who was located in the United States and who had not attained the age of 18 years, to engage in any sexual activity for which any person could be charged with an offense, including, but not limited to, the Sexual Exploitation and Attempted Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e).

**(Coercion and Enticement of a Minor**, in violation of Title 18, United States Code, Sections 2422(b) and 3238)

## FORFEITURE ALLEGATIONS

1.    Upon conviction of the offenses alleged in Counts One through Six, the defendant shall forfeit to the United States any and all matters which contain visual depictions of minors engaged in sexually explicit conduct in violation of the charged offenses; any property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the said violations; and any and all property used or intended to be used in any manner or part to commit or to promote the commission of the aforementioned violations.

2.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

e.   has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 2253(a) and 2428, and Title 21, United States Code, Section 853(p))

A TRUE BILL:

FOREPERSON.

*Matthew M Graves by AEL*
Attorney of the United States in
and for the District of Columbia.